**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JESSICA VELAZQUEZ, | DOCKET NUMBER |
| Appellant, | AT-0752-19-0421-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: January 5, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Albert E. Lum, Brooklyn, New York, for the appellant.

James F. Killackey, III, Acushnet, Massachusetts, for the appellant.

Donald Vicini, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's allegations of agency noncompliance to the Atlanta Regional Office for docketing and adjudication as a compliance appeal.

## BACKGROUND

The appellant filed an appeal with the Board challenging the agency's decision to remove her for unacceptable conduct. Initial Appeal File (IAF), Tab 1 at 7, 12-17. During the proceedings, the parties entered into a settlement agreement in which the agency agreed that, in exchange for the appellant's withdrawal of her appeal, it would rescind the removal decision letter; issue her a letter of warning in lieu of a 14-day suspension for some, but not all, of the misconduct underlying the removal; and pay her back pay for the period between April 27 and August 23, 2019. IAF, Tab 20 at 6-7.

After finding that the settlement agreement executed by the parties was lawful on its face and freely entered into by the parties, the administrative judge accepted the agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 21, Initial Decision at 1-2. In her petition for review, the appellant does not challenge the validity of the settlement agreement, but rather, asserts that the agency violated the settlement agreement by

calculating the back pay as if the back pay period ended on August 23, 2019. Petition for Review (PFR) File, Tab 3 at 4-5. She argues that the parties intended the back pay period to include 3 additional days, through August 26, 2019. *Id.* The agency has responded, asserting that its calculation of the back pay was in accordance with the terms of the settlement agreement. PFR File, Tab 4 at 4-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

When an administrative judge dismisses an appeal pursuant to a settlement agreement and the appellant believes that the agreement is invalid because it was obtained by fraud or coercion, or because it was based on mutual mistake, she may file a petition for review of the initial decision and seek to have the settlement agreement set aside. *Perkins v. Department of Veterans Affairs*, 101 M.S.P.R. 642, ¶ 4 (2006). If, however, the appellant is not challenging the validity of the settlement agreement, but instead believes that the agency has failed to comply with a term of the agreement, she may file a petition for enforcement with the regional or field office that issued the initial decision. *Id.* If the appellant substantiates her allegation that the agency has breached the agreement, she is entitled to either enforcement of the agreement or rescission of the agreement and reinstatement of her claim. *Id.*

The appellant in this case has not shown, or even specifically alleged, that the settlement agreement is invalid as a result of fraud, coercion, or mutual mistake. PFR File, Tabs 1, 3. Instead, she alleges that the agency violated the agreement because, according to the appellant, the agency miscalculated its computation of her back pay and deprived her of 3 days of back pay. PFR File, Tab 3 at 4-5. Accordingly, we find that she has failed to establish a basis on which to grant her petition for review.

As indicated above, however, the appellant has alleged that the agency may have violated the terms of the settlement agreement. PFR File, Tabs 1, 3. Where a settlement agreement has been entered into the record for enforcement purposes

and the appellant alleges noncompliance with the agreement in a petition for review, those allegations of noncompliance will be forwarded to the regional or field office for processing as a petition for enforcement. *Perkins,* 101 M.S.P.R. 641, ¶ 6. We therefore find that the appellant's allegations of noncompliance must be forwarded to the Atlanta Regional Office for processing as a petition for enforcement pursuant to 5 C.F.R. § 1201.182(a).

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(b) (5 C.F.R. § 1201.113(b)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision.   5 U.S.C.  § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Jennifer Everling*

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.